## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY P. MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-478-JHP-PJC |
| | ) | |
| DYNDA POST, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case concerns Plaintiff's allegations of "forced labor" apparently related to a quiet title action in Rogers County, Oklahoma. Plaintiff is *pro se*. Before this Court are eighteen motions filed by Plaintiff and eleven Defendants (Doc. Nos. 9, 13, 14, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, and 35). In the interest of efficiency, the Court will address each of the pending motions in this Opinion and Order.

## I.      BACKGROUND

Plaintiff Jerry P. McNeil ("Plaintiff") filed his original *pro se* Complaint on August 21, 2015, against thirteen defendants—(1) Judge Dynda Post, (2) Judge Sheila Condren, (3) Jason Carini, (4) Justice John Reif, (5) Justice Douglas Combs, (6) Judge David Lewis, (7) Judge Robert Hudson, (8) Justice Yvonne Kauger, (9) Justice James Winchester, (10) Justice James Edmonson, (11) Justice Steven Taylor, (12) Justice Tom Colbert, and (13) Justice Noma Gurich. (Doc. No. 3). On September 4, 2015, Plaintiff filed a First Amended Complaint naming only Judge Post and Judge Condren as defendants, which virtually repeated the allegations in the first three pages of his original Complaint but failed to attach a certificate of service. (Doc. No. 4). Also on September 4, 2015, Plaintiff filed a Second Amended Complaint, titled "Criminal

1

Complaint," without leave of this Court or written consent, seeking to allege criminal allegations against Dynda Post, Sheila Condren, and other unidentified defendants.  (Doc. No. 5).   On September 21, 2015, Plaintiff unilaterally filed a Third Amended Complaint, also titled "Criminal Complaint," seeking to allege different criminal violations committed by the same defendants.  (Doc. No. 6).

All Defendants who have entered an appearance in this matter have filed motions to dismiss the allegations against them.[1]  (Doc. Nos. 9, 13, 14).  The two remaining Defendants— Judge Dynda Post and Jason Carini—have not entered an appearance, and it is unclear whether they have been served with a summons and complaint in this matter.  Defendant Judge Sheila Condren has moved to strike Plaintiff's First, Second, and Third Amended Complaints (Doc. No. 16).  Plaintiff has responded to the Defendants' motions (Doc. No. 18), and has filed several motions himself (Doc. Nos. 20, 21, 22, 25, 26, 28, 29, 32).   Defendant Judge Condren has separately moved to strike Plaintiff's motions.  (Doc. Nos. 23, 24, 27, 31, 33, 35).   In all, eighteen motions are now ripe for review by this Court.

## II.   MOTION TO STRIKE AMENDED COMPLAINTS

The Court will first address the pending Motion to Strike Plaintiff's Amended Complaints.  Defendant Judge Condren asks this Court to strike Plaintiff's First, Second, and Third Amended Complaints pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. No. 16).  Judge Condren asserts these documents are redundant, immaterial, impertinent, or precluded by law from being pursued by Plaintiff.

---

[1] All appearing defendants note for the record that they were improperly served in this matter, because Plaintiff personally delivered service via mail, in violation of Fed. R. Civ. P. 4(c)(2).  Nonetheless, all appearing defendants specially appear for the limited purpose of offering their respective motions to dismiss.  Because the Court reaches the merits of Plaintiff's action, it will not separately address the matter of service on these defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may, with certain restrictions, amend its pleading once as a matter of course.  Plaintiff's First Amended Complaint was timely filed on September 4, 2015.  However, Plaintiff failed to attach any proof of service to this pleading, in violation of Local Civil Rule 5.5(b), which renders the pleading defective.  Moreover, the First Amended Complaint virtually repeats the allegations of the original Complaint, and adds no new claims.  Accordingly, the substance of Plaintiff's allegations is the same in both the original Complaint and First Amended Complaint, and nothing is lost from Plaintiff's claims by striking the redundant First Amended Complaint.

Subsequent amendments to a pleading beyond the first amendment require either the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff has failed to obtain written consent or seek the Court's leave to file the Second and Third Amended Complaints.  Moreover, Plaintiff has had an opportunity to comply with the rules, in light of Judge Condren's Motion to Strike, yet has not attempted to do so.  In response, Plaintiff appears to argue he intended to file the "criminal complaints" solely for the Court's information and not as amendments to his civil complaint.  (Doc. No. 18, at 2-3).  However, there is no legal basis for Plaintiff's criminal allegations to remain on the record, as Judge Condren points out in her Motion to Strike.[2]

The Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

---

[2] Even if the Court allowed Plaintiff's Second or Third Amended Complaints to stay on the record, the claims in both pleadings would be subject to dismissal on the merits, because they raise criminal allegations against Judge Post and Judge Condren.  (*See* Doc. Nos. 5, 6).  It is settled law that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Ketyer v. 535 Members of the 110th Congress*, 277 F. App'x 825, 827 (10th Cir. 2008) (quoting *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quotation marks omitted).  Nor would Plaintiff be entitled to bring a civil claim as a victim of forced labor under 18 U.S.C. § 1595(a) (*see* Doc. No. 5 ("Criminal Complaint")), because Plaintiff has alleged no facts that would state a claim for forced labor under 15 U.S.C. § 1589.

3

840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation marks omitted). In light of Plaintiff's disregard for the procedural rules of this Court, Plaintiff's First Amended Complaint (Doc. No. 4), Second Amended Complaint (Doc. No. 5), and Third Amended Complaint (Doc. No. 6) are hereby stricken. Correspondingly, the Court grants the Motion to Strike (Doc. No. 16). Accordingly, the original Complaint (Doc. No. 2) is the operative complaint in this matter.

## III.   DEFENDANTS' MOTIONS TO DISMISS

The Court will next address the Motions to Dismiss filed by the eleven appearing Defendants (Doc. Nos. 9, 13, 14). For purposes of evaluating the Motions to Dismiss, the Court limits its analysis to the allegations of the original Complaint, having stricken Plaintiff's later-filed pleadings.

### A.   Summary of Plaintiff's Factual Allegations

The Court notes that the allegations contained in the Complaint are difficult to understand. However, construing Plaintiff's allegations liberally, it appears that Plaintiff makes the following allegations against the Defendants:

The Complaint (Doc. No. 2) identifies thirteen Defendants. The Complaint refers to a "lawsuit to quiet title to real estate in Rogers County, Okla." that was filed in 2014. (Doc. No. 2). Plaintiff alleges no party ever appeared or answered in that case, and a "void bill of attainder is combined with identity theft to claim private property." (*Id.*). Plaintiff alleges the named defendants "collude with each other to hold Plaintiff McNeil in a condition of forced labor by imposition of involuntary servitude and profit from doing so." (*Id.*). Plaintiff further alleges "Oklahoma alters the birth identity of human beings to make it appear as if they were creatures of the state and subject to its sovereignty." (*Id.*). Plaintiff accuses Oklahoma of adopting a

4

"defacto Military rule" that results in coercive treatment of private owners of vehicles, including requiring owners to obtain licenses and insurance and provide vehicle sales documents to the State. (*Id.*).

Most specifically with respect to the named Defendants, Plaintiff alleges "[o]n September 8, 2014, a Quiet Title Action was initiated in the Twelfth District Court of Oklahoma, operated in Rogers County by 'Judges' Post and Condren, #CJ-2014-381." (Doc. No. 2, p. 11 of 65, ¶ 19). Plaintiff alleges on February 18, 2015, Judge Condren

> in a clear act of intentional nonfeasance, refused by formal order to exercise jurisdiction assigned to the Rogers County Court, or to resolve the issues raised in the complaint and the cross claim presented with it, alleging instead; "*this case is not in a procedural posture for this court to enter any orders*," statutory jurisdiction in her court, and the "*arising under*" clause of Article III notwithstanding.

(*Id.*). Plaintiff further alleges on May 22, 2015, in case PR-2015-192, "the Oklahoma Criminal Appeals Court" transferred his application for an extraordinary writ "to the Supreme Court to resolve a jurisdictional question." (*Id.* ¶ 21). Plaintiff alleges on June 8, 2015, the Supreme Court of Oklahoma denied his writ application: "the Supreme Court of Oklahoma, with all its justices concurring, ordered that: '*Application to assume original jurisdiction is denied*.'" (*Id.* ¶ 21). Plaintiff does not identify any other specific conduct by any particular named Defendant.

In a section titled "Causes of Action," Plaintiff alleges the Defendants

> have imposed and are continuing to act to protect a void bill of attainder, or punishment by the Legislature against Plaintiff McNeil to collect an unconstitutional ad-valorem tax, and by both abuse of the legal process through deliberate nonfeasance have refused to consider any form of relief in State courts.

(Doc. No. 2, p. 12 of 65, ¶ 23). Plaintiff also alleges identity theft of natural persons in Oklahoma "in order to feign a jurisdiction to tax them." (*Id.* ¶ 24). Plaintiff attaches nearly one hundred pages of exhibits, consisting largely of court filings and orders in various cases,

including the Rogers County case, legislation, and research papers. Plaintiff has apparently stamped the words "Forced Labor" on each page of the exhibits.

Plaintiff identifies 28 U.S.C. § 1331 (federal question jurisdiction); 18 U.S.C. § 1595 (civil remedy for victims of trafficking); and 28 U.S.C. § 1350 (Alien Tort Claims Act) as the bases for federal jurisdiction. (Doc. No. 2, p. 1 of 65). Plaintiff also identifies Article 1 §§ 9, 10 of the United States Constitution (prohibition on bills of attainder); the federal Takings Clause of the Fifth Amendment to the United States Constitution; and Article 1 § 10, clause 3 of the United States Constitution (prohibition on State agreements with a foreign power without consent of Congress) as additional grounds for jurisdiction. (Doc. No. 2, p. 4 of 65). Plaintiff seeks relief in the form of a "permanent injunction against Oklahoma's ad valorem property tax as unconstitutional; that Oklahoma be required to deconstruct all vestiges of military rule as unconstitutional; [and] mandatory restitution as claimed in the quiet title action." (Doc. No. 2, p. 2 of 65).

### B.  Legal Standards – Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a plaintiff's complaint when it "fail[s] to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citing *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556.

6

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## C. Discussion

Each of the appearing Defendants (the "Moving Defendants") moves to dismiss the allegations against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6): Judge Sheila Condren (Doc. No. 9); Justice John Reif, Justice Douglas Combs, Justice Yvonne Kauger, Justice James Winchester, Justice James Edmonson, Justice Steven Taylor, Justice Tom Colbert, and Justice Noma Gurich of the Oklahoma Supreme Court (collectively, the "Oklahoma Supreme Court Justices") (Doc. No. 13); and Judge David Lewis and Judge Robert Hudson of the Oklahoma Court of Criminal Appeals (together, the "OCCA Judges") (Doc. No. 14). As discussed above, the Complaint alleges the Moving Defendants acted wrongfully by issuing orders in the Rogers County Court case. (Doc. No. 2, pp. 11-12 of 65, ¶¶ 19, 21). The Moving Defendants argue in their respective briefs that Plaintiff fails to state a claim against any of them and that, to the extent Plaintiff seeks relief based on their judicial conduct, they are each entitled to absolute

immunity pursuant to the Eleventh Amendment to the United States Constitution and OKLA. STAT. tit. 51, § 155(2).

### 1.    **Failure to State a Claim**

In general, a private plaintiff may allege a deprivation of a constitutional right by a person acting under color of law, pursuant to 42 U.S.C. § 1983.  *See Becker v. Kroll*, 494 F.3d 904, 913-14 (10th Cir. 2007).  However, the plaintiff seeking § 1983 relief must plausibly allege a constitutional violation, which Plaintiff here has failed to do.  At best, it appears Plaintiff was dissatisfied with Judge Condren's ruling in the Rogers County Court case, the OCCA Judges' transfer of his writ application to the Oklahoma Supreme Court, and the Oklahoma Supreme Court Justices' ruling on his request for a writ, none of which raises a constitutional claim. Plaintiff's Complaint is vague, lacks specific factual allegations, and is devoid of specific allegations showing how any of the Moving Defendants participated in the alleged violation of his constitutional rights.  Plaintiff's vague allegations do not rise above the speculative level.

To the extent Plaintiff seeks relief under the Takings Clause of the Fifth Amendment to the United States Constitution, Plaintiff has failed to articulate a plausible claim that a taking occurred.  The Fifth Amendment to the U.S. Constitution prohibits the taking of private property for public use without payment of just compensation.  To determine whether the state has violated the Fifth Amendment, "the aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss." *Miller v. Campbell Cty.*, 945 F.2d 348, 352 (10th Cir. 1991).  Here, Plaintiff fails to describe how his property was taken for "public use" or when the alleged taking occurred.

Plaintiff fails to demonstrate standing to bring his other claims for relief, as he has not alleged any plausible facts to demonstrate that he is a victim of forced labor or trafficking under

8

18 U.S.C. 1595; that he is an "alien" with standing to bring a claim under the Alien Tort Claims Act, 28 U.S.C. § 1350)[3]; that he was the victim of a legislative "bill of attainder"[4]; or that he was personally affected by any State agreement with a foreign power enacted without the consent of Congress.

Plaintiff's response in opposition to the Motions to Dismiss (Doc. No. 18) does not offer any basis to save his claims as to the Moving Defendants.  As to the merits of his Complaint, Plaintiff primarily argues in his rambling response brief that Oklahoma's tax statute is void and unconstitutional and that the Takings Clause of the Fifth Amendment to the U.S. Constitution governs his claims instead of 42 U.S.C. § 1983.  Plaintiff's response also refers to his apparent stolen identity, a void tax bill mailed to Plaintiff by Defendant Jason Carini, the war powers of the United States, and acts of treason.  None of these arguments are persuasive.  Plaintiff fails to state a claim as to any of the Moving Defendants.

### 2. **Judicial Immunity**

The Moving Defendants separately argue it is clear from Plaintiff's Complaint that he encountered the Moving Defendants only in their capacities as judicial officials of the State of Oklahoma.  Therefore, even taking Plaintiff's allegations as true, the Moving Defendants argue they have absolute judicial immunity from liability for any alleged wrongdoing.  The Court agrees.

To the extent Plaintiff alleges Judge Condren violated Plaintiff's rights by issuing an order refusing to exercise jurisdiction over the Rogers County Court case (Doc. No. 2, at p. 11 of

---

[3] Plaintiff attaches his own birth certificate to the Complaint, which shows he was born in Texarkana, Texas.  (*See* Doc. No. 2-1, p. 2 of 44).

[4] Plaintiff alleges violations of his rights by members of the *judiciary*, whereas the constitutional prohibition on bills of attainder applies to determinations of guilt and infliction of punishment by members of the *legislature*.  *See Diaz v. Lampela*, 601 F. App'x 670, 676 (10th Cir. 2015).

65, ¶ 19), the OCCA Judges violated Plaintiff's rights by transferring his writ application to the Oklahoma Supreme Court (*id.* ¶ 21), or the Oklahoma Supreme Court Justices violated Plaintiff's rights by denying Plaintiff's request for a writ (*id.* ¶ 21), the Moving Defendants are absolutely immune from liability for acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Absolute immunity for judicial acts allows judges to perform their functions without harassment or intimidation. *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). Judges are therefore immune from both injunctive relief (subject to exceptions not applicable here) and money damages from their judicial acts. *See* 42 U.S.C. § 1983; *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). An act is "judicial" when it is a function a judge normally performs and the party has dealt with the judge in his or her official capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Only when a judge acts outside of his or her judicial capacity or when the judge acts in complete absence of all jurisdiction is judicial immunity overcome. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, it is clear the alleged actions by the Moving Defendants were taken in their judicial capacities, and Plaintiff makes no factually-based allegations that any of the Moving Defendants acted in complete absence of jurisdiction. As a result, Judge Condren, the Oklahoma Supreme Court Justices, and the OCCA Judges are absolutely immune from Plaintiff's claims against them, and Plaintiff's claims must be dismissed with prejudice as to those Defendants.

Plaintiff's response (Doc. No. 18) does not offer any grounds to overcome the Moving Defendants' judicial immunity. Plaintiff argues Oklahoma judges can be sued because they have no "judicial power" and their judicial acts "are in fact acts of war." (Doc. No. 18, at 8). Plaintiff

10

appears to accuse the Defendants of engaging in service of a foreign entity and "vacat[ing] their State offices." (*Id.* at 14-15).   However, Plaintiff fails to tie any of these arguments to the allegations in the Complaint, and the Court reads them as merely inflammatory and conclusory. Further, to the extent Plaintiff seeks summary judgment in the response brief, such relief is denied as improperly raised in a response to a motion to dismiss.   (*See* Doc. No. 18, at 15-16). Accordingly, the Motions to Dismiss filed by the Moving Defendants are granted.

## IV.   REMAINING DEFENDANTS

Two other named Defendants have not entered an appearance in this case—Judge Dynda Post and Jason Carini (the "Non-Appearing Defendants").   Both Judge Post and Jason Carini were named  in the original Complaint, which was filed on August 21, 2015.  Because it appears from the record that these Defendants were never properly served in this action, and Plaintiff has had ample notice of the deficiencies in his attempts at service, the Court dismisses the Non-Appearing Defendants pursuant to Federal Rule of Civil Procedure 4(m).[5]

The original Complaint was filed on August 21, 2015.   Plaintiff has had well over 120 days to serve each of the Defendants in this action, yet Plaintiff has provided no proof to the Court that either of the two Non-Appearing Defendants was served with the summons and complaint as of this date.   In his response to the Motions to Dismiss (Doc. No. 18), Plaintiff admits he did not properly serve any defendant but argues he instead requested a waiver of service from the Defendants pursuant to Fed. R. Civ. P. 4(d)(1).   (Doc. No. 18, at 2).   Plaintiff has provided no evidence that he attempted to waive service, such as a waiver request in writing addressed to the Defendants.   The Court does not find Plaintiff's argument regarding service persuasive.

---

[5] Rule 4(m) requires that a defendant be served with that summons and complaint within 120 days after the action is filed.

Plaintiff has failed to submit proof of service to the Court as to either of the Non-Appearing Defendants.  Plaintiff has had ample notice of the requirements of Rule 4, given that the Moving Defendants each explained in their Motions to Dismiss that they were not properly served in this action pursuant to Fed. R. Civ. P. 4(c)(2).  Accordingly, this action is dismissed pursuant to Rule 4(m) with respect to the Non-Appearing Defendants.

The Court additionally notes that Plaintiff's claims against Carini and Judge Post would be separately subject to dismissal for failure to state a claim.  The Complaint alleges no specific wrongdoing by Carini.  Plaintiff's sole allegation against Judge Post is that she was somehow involved in Plaintiff's quiet title action in Rogers County.  (*See* Doc. No. 2, p. 11 of 65, ¶ 19).  Judge Post would be absolutely immune from suit for the alleged acts performed in her judicial capacity, for the reasons explained above with respect to the Moving Defendants.  Accordingly, dismissal with prejudice is appropriate.

## V.     OTHER MOTIONS

Lastly, the Court will address the various other pending motions.

### A.     Plaintiff's "Motion to Strike All Documents Docketed in Defense of Oklahoma Judges for Want of Signature, For Failure to Comply with the Rules of Pleading" (Doc. No. 21), Plaintiff's "Motion to Amend the Record" (Doc. No. 22), and Judge Condren's Motion to Strike Plaintiff's Motion to Strike (Doc. No. 24)

Plaintiff asks this Court to strike all documents in this action that "do not identify the real party in interest, the *human being* named Jerry Preston McNeil, or Jerry P. McNeil in the alternative whose name appears in none of the separate document captions."  (Doc. No. 21, at 1-2).  It appears Plaintiff moves to strike each document filed by Attorney John D. Hadden.  In this regard, Plaintiff argues Attorney Hadden violated the Federal Rules of Civil Procedure by failing to sign any of the filed documents with a "wet" signature and by failing to use numbered

12

paragraphs in his motions.  Plaintiff's other arguments appear to go to the merits of his case. Plaintiff also appears to seek monetary sanctions against Attorney Hadden because of his alleged "slothful inattention" to the facts.  (Doc. No. 21, at 5).

Separately, Plaintiff moves to amend the record, asking the Court to take notice that the Attorney General of the United States and the State of Oklahoma "have each had good and sufficient notice that statutes of each are challenged in the instant matter and have fallen silent." (Doc. No. 22).  Plaintiff attaches several letters addressed to the Office of the Attorney General and the U.S. Department of Justice, in which Plaintiff allegedly notifies these entities of a constitutional challenge to a statute pursuant to Fed. R. Civ. P. 5.1(a)(2).

Defendant Judge Condren responds with her own Motion to Strike both Plaintiff's Motion to Strike and Plaintiff's Motion to Amend the Record, pursuant to Fed. R. Civ. P. 12(f) as pleadings containing redundant, immaterial, impertinent, scandalous and/or legally insufficient matter.  (Doc. No. 24).  However, it is clear that Plaintiff's motions are not "pleadings" within the Federal Rules.  *See* Fed. R. Civ. P. 7(a) (explaining the only "pleadings" allowed are complaints, answers and replies to answers); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006) (brief in support of a *Daubert* motion was not a pleading as defined in Fed. R. Civ. P. 7(a)).  Therefore, Rule 12(f), which applies only to "pleadings," cannot apply to Plaintiff's motions.  Accordingly, the Court denies Defendant Condren's Motion to Strike as to both of Plaintiff's Motions.  Nonetheless, the Court denies both of Plaintiff's motions on the merits.

Plaintiff's Motion to Strike is without merit.  First, whether Plaintiff identifies as a "human being" is irrelevant to Plaintiff's case, and it is proper for Defendants to identify Plaintiff as "Jerry P. McNeil" as described in the case caption Plaintiff himself generated.  Second, the

13

ECF rules of this Court permit filing and signature of documents by electronic means, which Attorney Hadden properly submitted.  *See* Fed. R. Civ. P. 5(d)(3); LCvR 5.1.  Third, Federal Rule of Civil Procedure 10(b), which requires a party to state its claims or defenses in numbered paragraphs in a pleading, does not apply to a motion to dismiss.  *See* Fed. R. Civ. P. 7(a) (listing types of pleadings allowed, which do not include motions).  Plaintiff's arguments that go to the merits of his case are not properly addressed in a Motion to Strike.  The Court also denies Plaintiff's request for monetary sanctions.

Plaintiff's Motion to Amend the Record is also meritless.  Plaintiff offers the Court no grounds for it to take judicial notice that either the U.S. Attorney General or the State of Oklahoma have had "good and sufficient notice" of a constitutional challenge pursuant to Fed. R. Civ. P. 5.1(a)(2).  Rule 5.1(a)(2) requires notice of a constitutional challenge to be served by certified or registered mail or by electronic mail.  Plaintiff's attachments suggest the Office of Attorney General was served with a letter referring to Plaintiff's Quiet Title Action in Rogers County Court and explaining Plaintiff's intent to challenge 68 OKLA. STAT. §§ 3105-3106.  (Doc. No. 22).  Plaintiff also attaches two copies of a letter addressed to the U.S. Department of Justice, without evidence of mailing, referring to this case and stating Plaintiff calls into question the constitutionality of the Alien Registration Act of 1940.  These documents are insufficient to prove notice of this case pursuant to Rule 5.1.  In any event, dismissal of Plaintiff's claims renders further action under Rule 5.1 unnecessary.

Accordingly, Plaintiff's Motion to Strike (Doc. No. 21) and Motion to Amend the Record (Doc. No. 22) are denied.  Judge Condren's Motion to Strike (Doc. No. 24) is also denied.

**B.** **Plaintiff's "Combined Motions for Relief from Forced Labor" (Doc. No. 20) and Judge Condren's Motion to Strike Plaintiff's Combined Motions for Relief from Forced Labor (Doc. No. 23)**

Next, Plaintiff seeks an order of protection regarding Defendant Jason Carini. (Doc. No. 20). Plaintiff argues Carini has used a void statute "in support of his fictitious claims" (*id.* at 2), which the Court presumes to be pursuit of a tax bill in Rogers County pertaining to Plaintiff's property. Plaintiff asks for an injunction barring all further collections to be made by Rogers County under the void statutes, and asks the Court to order Carini or the State of Oklahoma to pay Plaintiff "a fixed sum of not less than . . . $677,340.00 plus the costs of all legal actions in any court," (*id.* at 3), although Plaintiff does not explain this amount beyond a reference to repayment of taxes collected under the "void statutes" dating back to 1984. (*Id.* at 3-4). Plaintiff attaches a copy of a real estate delinquent tax bill issued to Plaintiff, which lists Jason Carini's name at the top as the Rogers County Treasurer. (*Id.* at 45).

This motion is denied as meritless. Plaintiff's motion is conclusory and identifies no grounds for obtaining an order of protection of any nature against Carini, much less against any non-parties. The requested sum of $677,340.00 is made without any legal or factual basis and appears unrelated to this case. Plaintiff's attached evidence does not suggest any wrongful conduct by Carini.

Defendant Judge Condren filed a Motion to Strike Plaintiff's Combined Motions for Relief from Forced Labor, pursuant to Fed. R. Civ. P. 12(f). (Doc. No. 23). As explained above, this motion is improper and the Court denies it.

Accordingly, Plaintiff's Combined Motions for Relief from Forced Labor (Doc. No. 20) is denied. Judge Condren's Motion to Strike (Doc. No. 23) is also denied.

15

**C.**   **Plaintiff's "Motion to Offer Proof on the Record that One Military Government Controls All of America Since 1935 or Before" (Doc. No. 25), Plaintiff's "Emergency Motion for Order of Protection" (Doc. No. 26), and Judge Condren's Motion to Strike Plaintiff's Motion to Offer Proof and Motion for Order of Protection (Doc. No. 27)**

In a "Motion to Offer Proof" (Doc. No. 25), Plaintiff seeks to offer proof that it is "unarguably true" that one military government "is presently controlling all American States and Territories, including Oklahoma, and has done so since before World War II." (Doc. No. 25, at 1-2). Plaintiff argues such proof is relevant to his case because his complaint against the Defendants, "as putative judges, succeeds or fails on proof of the military character of the present government in Oklahoma." (*Id.* at 2). The rambling motion is difficult to understand but appears to argue the government and the courts have no power to impose or enforce taxation, concluding "[w]ar power, however construed, does not provide authority to any government to impose direct taxation upon the property of Americans." (*Id.* at 7).

Plaintiff's motion is without merit. The Court fails to appreciate the relevance of Plaintiff's arguments and finds no grounds to accept Plaintiff's proffered "proof" as true. To the extent Plaintiff seeks to offer proof the government itself is illegitimate, or that the judges of Oklahoma courts are not legitimate judges, the Court denies Plaintiff's request as inflammatory, irrelevant, and procedurally improper.

Separately, Plaintiff seeks an order of protection regarding Defendant Jason Carini. (Doc. No. 26). He asks the court "to issue a permanent restraining order to Jason Carini," although it is unclear precisely what relief Plaintiff seeks. (*Id.* at 2). Plaintiff argues Carini has slandered his reputation "by publishing derogatory statements concerning [Plaintiff] in a legal publication issued in Claremore Oklahoma as newspaper of record," and has pursued Plaintiff with "threats of legal injury made under color of state law" in violation of the Thirteenth

16

Amendment to the U.S. Constitution.  (*Id.* at 4).  Plaintiff attaches a copy of a real estate tax bill issued to Plaintiff, which lists Jason Carini's name at the top as the Rogers County Treasurer. (*Id.* at 6-9).  This motion is also denied as meritless.  Plaintiff's motion is conclusory and identifies no grounds for obtaining an order of protection of any nature against Carini.  Plaintiff's attached evidence does not suggest any wrongful conduct by Carini.

Defendant Judge Condren has filed a Motion to Strike both Plaintiff's Motion to Offer Proof and Plaintiff's Motion to For Order of Protection, pursuant to Fed. R. Civ. P. 12(f).  (Doc. No. 27).  For the reasons explained above, the Court denies Judge Condren's Motion to Strike as to both of Plaintiff's Motions.

Accordingly, Plaintiff's Motion to Offer Proof (Doc. No. 25) and Emergency Motion for Order of Protection (Doc. No. 26) are denied.  Judge Condren's Motion to Strike (Doc. No. 27) is also denied.

**D.      Plaintiff's "Motion for Judicial Notice of Essential Facts" (Doc. No. 28) and Judge Condren's Motion to Strike Plaintiff's Motion for Judicial Notice of Essential Facts (Doc. No. 31)**

Next, Plaintiff moves the Court to "take judicial notice of political and legal facts surrounding and effecting matters presently before the court."  (Doc. No. 28, at 1).  Plaintiff provides a long description of various historical events dating back to the early Twentieth Century, apparently in an attempt to argue the government is illegitimate.  Again, Plaintiff's motion is without merit.  As with Plaintiff's "Motion to Offer Proof," the Court fails to appreciate the relevance of Plaintiff's arguments and finds no reason to take judicial notice of Plaintiff's "facts."

Defendant Judge Condren has filed a Motion to Strike Plaintiff's Motion for Judicial Notice of Essential Facts, pursuant to Fed. R. Civ. P. 12(f).  (Doc. No. 31).  For the reasons explained above, the Court denies Judge Condren's Motion to Strike as procedurally improper.

Accordingly, Plaintiff's Motion for Judicial Notice of Essential Facts (Doc. No. 28) and Judge Condren's Motion to Strike (Doc. No. 31) are denied.

**E.      Plaintiff's "Third Motion for Emergency Order of Protection from Acts of Treason by the State of Oklahoma, a For Profit Corporation" (Doc. No. 32) and Judge Condren's Motion to Strike Plaintiff's Third Motion for Emergency Order of Protection from Acts of Treason by the State of Oklahoma (Doc. No. 35)**

Next, Plaintiff again seeks an order of protection regarding Defendant Jason Carini. (Doc. No. 32).  Plaintiff states Carini has threatened to conduct a Sheriff's sale on June 13, 2016, and asks the Court to issue an order of protection of unexplained scope.  Plaintiff attaches a copy of a letter from Carini to Plaintiff, notifying him of delinquent taxes on his real estate property, with tax statements attached, and advising Plaintiff of an impending tax sale of the property. (Doc. No. 32, at 4-8).  This motion is denied as meritless.  The motion identifies no legitimate authority for obtaining an order of protection against Carini or enjoining the tax sale.  Plaintiff's attached evidence does not suggest any wrongful conduct by Carini.

Defendant Judge Condren has filed a Motion to Strike Plaintiff's Third Motion for Emergency Order of Protection, pursuant to Fed. R. Civ. P. 12(f).  (Doc. No. 35).  For the reasons explained above, the Court denies Judge Condren's Motion as procedurally improper.

Accordingly, Plaintiff's Third Motion for Emergency Order of Protection (Doc. No. 32) and Judge Condren's Motion to Strike (Doc. No. 35) are denied.

18

**F. Plaintiff's "Motion for Final Summary Judgment for Failure to Appear and Answer" (Doc. No. 29) and Judge Condren's Motion to Strike Plaintiff's Motion for Final Summary Judgment for Failure to Appear and Answer (Doc. No. 33)**

Finally, Plaintiff moves for summary judgment against all Defendants for failure to personally appear and answer. (Doc. No. 29). Plaintiff's lengthy, rambling motion is difficult to understand. However, it appears Plaintiff believes summary judgment is warranted because the Defendants have failed to file an answer, which resulted in abandonment of all possible defenses. Plaintiff argues the Moving Defendants' motions to dismiss are not "pleadings," and therefore do not excuse filing a responsive pleading under Federal Rule of Civil Procedure 12(a).

Plaintiff misunderstands the rules of procedure. Under Federal Rule of Civil Procedure 12(a)(4), a party may file a motion in lieu of a responsive pleading and is not required to file a responsive pleading unless the court denies the motion or postpones its disposition until trial. Here, the Moving Defendants filed motions to dismiss instead of responsive pleadings, which was procedurally appropriate and provides no grounds for summary judgment. To the extent Plaintiff attacks the sufficiency of the motions to dismiss, the Court disregards Plaintiff's arguments as improperly raised in a new motion, rather than in a response to the motions to dismiss. Additionally, as explained above, the remaining two Defendants are dismissed for lack of service. The remainder of Plaintiff's motion is irrelevant and procedurally improper. Plaintiff's motion is denied.

Defendant Judge Condren moves to strike Plaintiff's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(f). (Doc. No. 33). For the reasons explained above, the Court denies Judge Condren's Motion to Strike as procedurally improper.

Accordingly, Plaintiff's Motion for Final Summary Judgment (Doc. No. 29) and Judge Condren's Motion to Strike (Doc. No. 33) are denied.

## VI.   CONCLUSION

For the reasons outlined above, the Court concludes that dismissal of this action as to all Defendants is warranted.  It is obvious that Plaintiff cannot prevail on the facts that he has alleged and it would be futile to give him an opportunity to amend.  *See Johnson v. Johnson*, 466 F.3d 1213, 1214-15 (10th Cir. 2006).

Accordingly, the Court rules as follows:

1.   Defendant Judge Sheila Condren's Motion to Strike Plaintiff's Amended Complaints (Doc. No. 16) is **GRANTED**

2.   Defendant Judge Sheila Condren's Motion to Dismiss Plaintiff's Complaint (Doc. No. 9) is **GRANTED**

3.   Defendant Justice John Reif, Justice Douglas Combs, Justice Yvonne Kauger, Justice James Winchester, Justice James Edmonson, Justice Steven Taylor, Justice Tom Colbert, and Justice Noma Gurich's Motion to Dismiss Plaintiff's Complaint (Doc. No. 13) is **GRANTED**

4.   Defendants Judge David Lewis and Judge Robert Hudson's Motion to Dismiss Plaintiff's Complaint (Doc. No. 14) is **GRANTED**

5.   Plaintiff's Motion to Strike All Documents Docketed in Defense of Oklahoma Judges for Want of Signature, For Failure to Comply with the Rules of Pleading (Doc. No. 21) is **DENIED**

6.   Plaintiff's Motion to Amend the Record (Doc. No. 22) is **DENIED**

7.   Defendant Judge Sheila Condren's Motion to Strike Plaintiff's Motion to Strike and Motion to Amend (Doc. No. 24) is **DENIED**

8.   Plaintiff's Combined Motions for Relief From Forced Labor (Doc. No. 20) is **DENIED**

9.   Defendant Judge Sheila Condren's Motion to Strike Plaintiff's Combined Motion for Relief From Forced Labor (Doc. No. 23) is **DENIED**

10.   Plaintiff's Motion to Offer Proof on the Record That One Military Government Controls All of America Since 1935 or Before (Doc. No. 25) is **DENIED**

11.   Plaintiff's Emergency Motion for Order of Protection (Doc. No. 26) is **DENIED**

12.   Defendant Judge Sheila Condren's Motion to Strike Plaintiff's Motion to Offer Proof and Motion for Order of Protection (Doc. No. 27) is **DENIED**

13.   Plaintiff's Motion for Judicial Notice of Essential Facts (Doc. No. 28) is **DENIED**

14.   Defendant Judge Sheila Condren's Motion to Strike Plaintiff's "Motion for Judicial Notice of Essential Facts" (Doc. No. 31) is **DENIED**

15.   Plaintiff's Third Motion for Emergency Order of Protection from Acts of Treason by the State of Oklahoma, a For Profit Corporation (Doc. No. 32) is **DENIED**

16.   Defendant Judge Sheila Condren's Motion to Strike "Plaintiff's Third Motion for Emergency Order of Protection from Acts of Treason by the State of Oklahoma" (Doc. No. 35) is **DENIED**

17.   Plaintiff's Motion for Final Summary Judgment for Failure to Appear and Answer (Doc. No. 29) is **DENIED**

18.   Defendant Judge Sheila Condren's Motion to Strike Plaintiff's "Motion for Final Summary Judgment for Failure to Appear and Answer" (Doc. No. 33) is **DENIED**

19.   Plaintiff's action is **DISMISSED WITH PREJUDICE** as to all Defendants.

James H. Payne
United States District Judge
Northern District of Oklahoma